**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CARLTON SORRELLS** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25cv292-HSO-BWR** |
| | § | |
| | § | |
| **LAND HOLDINGS I, LLC,** | § | |
| *doing business as* | § | |
| *Scarlet Pearl Casino Resort* | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION [27] FOR SUMMARY JUDGMENT**

In this wage and hour dispute, pro se Plaintiff Carlton Sorrells ("Plaintiff" or "Sorrells") claims that his former employer, Defendant Land Holdings I, LLC, doing business at Scarlet Pearl Casino Resort ("Defendant" or the "Scarlet Pearl"), owes him unpaid overtime compensation because he did not receive his bona fide 30-minute meal break every day.   Defendant seeks summary judgment, arguing that the undisputed proof shows that Sorrells' lunch breaks were not compensable.  *See* Mot. [27]; Mem. [28].  The Court agrees.  Defendant's Motion [27] for Summary Judgment should be granted, and Sorrells' claims should be dismissed with prejudice.

I. <u>BACKGROUND</u>

A.   <u>Factual Background</u>

Sorrells worked as a security officer at the Scarlet Pearl as an hourly employee, from January 10, 2024, to on or about February 11, 2025.  *See* Am.

Compl. [4] at 1-2; Aff. of Veronica Jenkins [27-2] at 2.  The Scarlet Pearl's Security Standard Operating Procedures ("SOP") explain that its Security Department

> has staff available and conducts operations 24 hours a day[,] 7 days a week.  Security Department personnel will be scheduled for 8 ½ hours and paid for 8 hours with one 30-minute break for lunch (unpaid) and one 30-minute paid break will be included with each 8 ½ hour shift.

Ex. [27-1] at 11; *see also* Aff. of Jenkins [27-2] at 3.  According to Sorrells, during the 30-minute, unpaid meal break, he was required to remain on-call, in uniform, and equipped with a company radio, and his meal break was subject to interruption.  *See* Am. Compl. [4] at 2; *see also* Aff. of Jenkins [27-2] at 3 ("Associates are not permitted to leave the premises during their scheduled shift-including during paid breaks and meal periods-unless authorized by management.").

The Scarlet Pearls' non-exempt hourly employees, like Sorrells, "are responsible for accurately recording the hours they work."  Ex. [27-3] at 3 (Employee Handbook update dated January 9, 2022).  Its "policy and practice is to pay non-exempt associates overtime for all hours worked in excess of 40 in a workweek."  Aff. of Jenkins [27-2] at 3.

According to Veronica Jenkins ("Jenkins"), the Scarlet Pearl's Security Department Manager,

> Scarlet Pearl maintains policies and operational practices designed to ensure that Security Officers are fully relieved of duty during meal periods.  The property provides designated break areas and a Family Dining Room for associates to use during breaks and meals.  While Security Officers, like all associates, are prohibited from using personal cell phones in their work areas, they may use personal phones during authorized break times in the Family Dining Room or designated outdoor break area, provided they are considerate of others.  During meal periods, officers are permitted to attend to personal

2

matters, rest, and refresh.  To ensure adequate coverage, Scarlet Pearl staggers break times and post assignments.  Although officers are required to keep their radios on in the event of an emergency, the company maintains detailed timekeeping, security activity, and dispatch records.  The Dispatcher notifies each Officer regarding the start time for their respective lunch break.  When the Officer returns to his/her post after the lunch break, the Officer notifies the Dispatcher and the iTrack system logs in the Officer's return time.

*Id.* at 4.  Jenkins avers that the Scarlet Pearl's records show that Sorrells regularly received at least one uninterrupted 30-minute meal period per shift.  *See id.*; *see also* Ex. [27-4] (duty log); Ex. [27-5] (break log); Ex. [27-6] (2024 time entries); Ex. [27-7] (2025 time entries); Ex. [27-8] (2024-2025 payroll for Sorrells).

B.    Procedural History

On September 2, 2025, Sorrells filed a pro se Complaint [1-1] in the Circuit Court of Harrison County, Mississippi, Second Judicial District, which the Scarlet Pearl removed to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  *See* Notice [1]; Compl. [1-1].   Sorrells claims that he did not receive a bona fide meal break and was not paid for those 30 minutes each of the five days he worked per week from January 10, 2024, to February 11, 2025.  *See* Compl. [1-1] at 1.  Liberally construing Sorrells' pro se pleadings, it appears that he advances two claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.: (1) a claim for unpaid overtime pay as required by 29 U.S.C. § 207(a); and (2) a claim for civil penalties under 29 U.S.C. § 216(e)(2) for alleged willful violations of § 207. *See id.*

Defendant argues that Plaintiff was paid for all compensable time he spent at work, as he was provided at least one interrupted 30-minute meal period per shift.

3

*See* Mot. [27]; Mem. [28].  According to Defendant, the FLSA "does **not** require compensation for bona fide meal periods during which the employee is completely relieved from duty."  Mem. [28] at 2 (emphasis in original).  Nor do employees "need to be granted permission to leave the premises for a meal period to occur."  *Id.* at 3 (citing 29 C.F.R. § 785.19(a)).  Defendant argues that "[m]ere restrictions on movement or availability for emergencies do not, standing alone, convert a meal period into compensable time."  *Id.*  And because it properly compensated Plaintiff for all time actually worked, Sorrells' FLSA claims should be dismissed.  *See id.* at 10.  Plaintiff has not responded to Defendant's Motion [27], and the time for doing so has passed.  *See* L.U. Civ. R. 7(b)(4).

## II.  DISCUSSION

A.    Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant must "identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact.'"  *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the movant carries its initial burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per

4

curiam).

A court views all evidence in the light most favorable to the nonmovant and draws all reasonable inferences in his favor. *Id.* But if the nonmovant cites evidence that "is merely colorable, or is not significantly probative," summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986) (citations omitted). And if the nonmovant does not point to any evidence, a court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts," making summary judgment appropriate. *Little,* 37 F.3d at 1075.

B.    <u>Analysis</u>

Before the Court reaches the question of the willfulness of any violations as asserted in Plaintiff's second claim, the threshold question for both claims is whether he has created a genuine dispute of material fact that any violation of the FLSA for unpaid overtime advanced in the first claim ever occurred. *See* Compl. [1-1] at 1. 29 U.S.C. § 207(a) requires an employer whose employee works longer than forty hours in any workweek to pay the employee "compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). Plaintiff's overtime claim is premised upon an unpaid 30-minute lunch period each working day for which he believes he should have been paid, and which would have placed him over the 40-hour workweek threshold each week, triggering compensation for that additional time at the overtime rate set forth in § 207(a). *See* Compl. [1-1] at 1.

Relevant here are the Department of Labor ("DOL") regulations that "establish 'the principles involved in determining what constitutes working time.'" *Dean v. Akal Sec., Inc.*, 3 F.4th 137, 141 (5th Cir. 2021) (quoting 29 C.F.R. § 785.1). 29 C.F.R. § 785.19 provides as follows:

> (a) Bona fide meal periods.  Bona fide meal periods are not worktime.  Bona fide meal periods do not include coffee breaks or time for snacks.  These are rest periods.  The employee must be completely relieved from duty for the purposes of eating regular meals.  Ordinarily 30 minutes or more is long enough for a bona fide meal period.  A shorter period may be long enough under special conditions.  The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.  For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.
> (b) Where no permission to leave premises.  It is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period.

29 C.F.R. § 785.19 (citations omitted).

In determining whether an employee is completely relieved of duties under this regulation, the Fifth Circuit uses the "predominant-benefit test," which "consider[s] whether the employee or the employer received the predominant benefit from the meal break." *Dean*, 3 F.4th at 144.  To make this determination, the relevant factors are:

> [1] whether the employees are subject to real limitations on their personal freedom which inure to the benefit of the employer; [2] whether restrictions are placed on the employee's activities during those times, such as whether or not the employee may leave the work site if he chooses; [3] whether the employee remains responsible for substantial work-related duties; and [4] how frequently the time is actually interrupted by work-related duties.

*Id.* (quotation omitted).  "The overall goal of the analysis is to determine whether the employee can use the time effectively for his or her own purposes." *Id.* (quotation omitted).

As for the first factor, the only limitations on Plaintiff's freedom were that he was required to remain on the premises and to keep his radio on in the event of emergency.  *See* Aff. of Jenkins [27-2] at 3-4.  While these could be viewed as inuring to the Scarlet Pearl's benefit in the event of an emergency, *see Dean*, 3 F.4th at 144, the evidence demonstrates that Plaintiff regularly received his 30-minutes of personal time every day, free from work-related duties, *see id.* at 146; Ex. Aff. of Jenkins [27-2] at 4.  And Plaintiff has not presented competent summary judgment evidence that he regularly did not receive this 30 minutes of personal time every day, free from work-related duties, or that shows what work-related duties interfered with his bona fide meal periods.  *See Dean*, 3 F.4th at 146.  Plaintiff could have used the time effectively for his own purposes, so this factor weighs in favor of finding that he predominantly benefited from the meal period.  *See id.*

With respect to the second factor, "the effect of any limitations on [an employee's] activities imposed during an ostensible meal period must be analyzed in the context of the relevant workplace." *Id.* at 145.  The Fifth Circuit has recognized that the DOL regulations do not require that an employee be permitted to leave the workplace to enjoy a bona fide meal break and that "[m]any cases acknowledge that some limitations on an employee are acceptable during a meal period, such as requiring them to remain in uniform, on the jobsite, and available to respond to

7

emergencies if needed." *Id.* These similar limitations placed on Plaintiff during his 30-minute meal at the Scarlet Pearl were therefore "acceptable." *Id.* Based upon the summary judgment record, the Court concludes that the effect of these limitations did not undercut the validity of Plaintiff's meal break, weighing in favor of finding that he was the one who predominantly benefited from it. *See id.*

The final two factors consider "whether the employee remains responsible for substantial work-related duties; and how frequently the time is actually interrupted by work-related duties." *Id.* (quotation omitted). But the Fifth Circuit has held that infrequent interruptions, such as regularly having to monitor a radio and respond if called, do not mandate that the meal period be compensable. *See id.* The record here reflects that Plaintiff regularly had at least a 30-minute meal period with no work-related duties, and there is no evidence of any substantial or frequent interruptions during that period. *See, e.g.,* Aff. of Jenkins [27-2] at 4. These factors weigh in favor of finding that the meal period benefited Plaintiff. *See id.*

In sum, based upon the relevant factors and the undisputed summary judgment record, Plaintiff was the one who predominantly benefited from the 30-minute meal period, such that it was a bona fide meal period, *see id.*, and "not worktime," 29 C.F.R. § 785.19. Plaintiff has not created a material fact question that the Scarlet Pearl was required to compensate him for these meal periods, and his claims that he was due overtime compensation under the FLSA based upon these meal periods, and that these violations were willful, necessarily fail. *See* Compl. [1-1]. The Scarlet Pearl is entitled to summary judgment.

8

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [27] for Summary Judgment filed by Defendant Land Holdings I, LLC, doing business at Scarlet Pearl Casino Resort, is **GRANTED**, and Plaintiff Carlton Sorrells' claims against Defendant Land Holdings I, LLC, doing business at Scarlet Pearl Casino Resort, are **DISMISSED WITH PREJUDICE.**   The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE