**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CARLTON SORRELLS** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25cv292-HSO-BWR** |
| | § | |
| | § | |
| **LAND HOLDINGS I, LLC,** | § | |
| ***doing business as*** | § | |
| ***Scarlet Pearl Casino Resort*** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION [32] TO SET ASIDE; DENYING DEFENDANT'S MOTION [37] TO STRIKE RESPONSE [35]; AND DIRECTING CLERK TO REOPEN CASE AND REINSTATE DEEFENDANT'S MOTION [27] FOR SUMMARY JUDGMENT**

In this wage and hour dispute, pro se Plaintiff Carlton Sorrells ("Plaintiff" or "Sorrells") sued his former employer, Defendant Land Holdings I, LLC, doing business as Scarlet Pearl Casino Resort ("Defendant" or the "Scarlet Pearl"), for unpaid overtime compensation. The Court granted Defendant's Motion [27] for Summary Judgment, *see* Order [30], which Plaintiff now asks to set aside, *see* Mot. [32]. He also filed a belated Response [35] in opposition to Defendant's summary judgment Motion [27], which Defendant seeks to strike. *See* Mot. [37]. Plaintiff's Motion [32] to Set Aside should be granted, and Defendant's Motion [37] to Strike should be denied. The Court will set aside its prior Order [30] and Final Judgment [31] and direct the Clerk to reopen this case and reinstate Defendant's Motion [27] for Summary Judgment as a pending motion on the docket. Defendant will be given

time to file a Rebuttal to Plaintiff's Response [35] to the Motion [27] for Summary Judgment.

## I. BACKGROUND

### A. Factual Background

Sorrells was a security officer at the Scarlet Pearl who worked as an hourly employee, from January 10, 2024, until on or about February 11, 2025. *See* Am. Compl. [4] at 1-2; Aff. of Veronica Jenkins [27-2] at 2. The Scarlet Pearl's Security Standard Operating Procedures ("SOP") explain that its Security Department

> has staff available and conducts operations 24 hours a day[,] 7 days a week. Security Department personnel will be scheduled for 8 ½ hours and paid for 8 hours with one 30-minute break for lunch (unpaid) and one 30-minute paid break will be included with each 8 ½ hour shift.

Ex. [27-1] at 11; *see also* Aff. of Jenkins [27-2] at 3. According to Sorrells, during the 30-minute, unpaid meal break, he was required to remain on-call, in uniform, and equipped with a company radio, and his meal break was subject to interruption. *See* Am. Compl. [4] at 2; *see also* Aff. of Jenkins [27-2] at 3 ("Associates are not permitted to leave the premises during their scheduled shift-including during paid breaks and meal periods-unless authorized by management."). But Veronica Jenkins ("Jenkins"), the Scarlet Pearl's Security Department Manager, has averred that the Scarlet Pearl's records show that Sorrells regularly received at least one uninterrupted 30-minute meal period per shift. *See* Aff. of Jenkins [27-2] at 4; *see also* Ex. [27-4] (duty log); Ex. [27-5] (break log); Ex. [27-6] (2024 time entries); Ex. [27-7] (2025 time entries); Ex. [27-8] (2024-2025 payroll for Sorrells).

B. Procedural History

On September 2, 2025, Sorrells filed a pro se Complaint [1-1] in the Circuit Court of Harrison County, Mississippi, Second Judicial District, which the Scarlet Pearl removed to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice [1]; Compl. [1-1]. Sorrells claimed that he did not receive a bona fide meal break and was not paid for those 30 minutes each of the five days he worked per week from January 10, 2024, to February 11, 2025. *See* Compl. [1-1] at 1. Liberally construing Sorrells' pro se pleadings, the Complaint [1-1] advanced two claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.: (1) a claim for unpaid overtime pay as required by 29 U.S.C. § 207(a); and (2) a claim for civil penalties under 29 U.S.C. § 216(e)(2) for alleged willful violations of § 207. *See id.*

Defendant filed a Motion [27] for Summary Judgment arguing that Plaintiff was paid for all compensable time he spent at work, as he was provided at least one uninterrupted 30-minute meal period per shift, *see* Mot. [27]; Mem. [28], and "Plaintiff was paid for all the compensable time he spent at work for Scarlet Pearl," Mem. [28] at 2. Defendant argued that the FLSA "does **not** require compensation for bona fide meal periods during which the employee is completely relieved from duty," *id.* (emphasis in original), and that "[m]ere restrictions on movement or availability for emergencies do not, standing alone, convert a meal period into compensable time," *id.* at 3. And because it properly compensated Plaintiff for all time actually worked, Defendant contended that Sorrells' FLSA claims should be

dismissed. *See id.* at 10.

Plaintiff did not timely respond to Defendant's Motion [27], *see* L.U. Civ. R. 7(b)(4), and on June 18, 2026, the Court considered the Motion [27] on its merits and granted it, *see* Order [30]; J. [31]. On June 24, 2026, Plaintiff filed a Motion [32] to Set Aside the Court's Order [30] and Final Judgment [31] to permit him to respond to Defendant's Motion [27] for Summary Judgment, and he submitted a Response [35] in opposition to Defendant's Motion [27]. *See* Mot. [32] at 1 (citing Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b)). According to Plaintiff, he never received a copy of Defendant's Motion [27] or Memorandum [28] and had no notice or opportunity to respond to it before the Court ruled. *See id.*

On the merits, Plaintiff's Response argues that Defendant's Duty Log attached to its Motion [27] for Summary Judgment "records tasks performed by the Plaintiff during periods the same records identify as his meal breaks," and that affiant Veronica Jenkins' acknowledgement that "grave-shift officers were routinely called off their breaks due to short staffing" supports his claim that he performed work during unpaid meal periods. Resp. [35] at 1. Plaintiff attaches his own Declaration [35-1], along with a chart he prepared utilizing Defendant's Exhibit [27-4] identifying a security task that he performed during 16 of his scheduled meal breaks. *See* Decl. [35-1] at 3. Defendant asks the Court to strike Plaintiff's Response [35] as in violation of "the Federal Rules of Civil Procedure and the Local Rules, neither of which provide a procedure for Plaintiff to file a post-judgment response or brief." Mot. [37] at 2.

## II. DISCUSSION

### A. Relevant Legal Standards

Plaintiff cites Federal Rules of Civil Procedure 59(e) and 60(b). *See* Mot. [32] at 1. Under Rule 59(e), a district court has "considerable discretion" to alter or amend a judgment, or even vacate it, but "its discretion is not without limit." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* "[A]mending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (per curiam).

Rule 60(b) permits a district court to relieve a party from an order or final judgment for specific reasons, including mistake, excusable neglect, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see* Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) grants "broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (quotation omitted). While it does not particularize the factors that justify relief, Rule 60(b)(6) "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Id.* at

863-64 (quotations omitted).

B. Analysis

Plaintiff asks the Court to set aside its Judgment [31] and consider his newly-filed Response [35] in opposition to Defendant's Motion [27] for Summary Judgment on the merits. *See* Mot. [32]; Mem. [33]. He states that he never received Defendant's Motion [27], and he asks the Court "to allow him to file the response he was never given the chance to file." Mem. [33] at 1. Defendant opposes Plaintiff's request, *see* Resp. [38]; Mem. [39], and moves to strike Plaintiff's Response [35], *see* Mot. [37]. But after briefing closed on the parties' Motions [32], [37], Defendant filed a Notice [44] of Unclaimed Mail, showing that the parcel it sent to Plaintiff containing its Motion [27] for Summary Judgment, Memorandum [28] in support, and itemization of facts was returned to defense counsel unclaimed after three delivery attempts. *See* Notice [44] at 1; Ex. [44-1] at 1-2.

As the Court discussed in its prior Order [30], the threshold question is whether Plaintiff has created a genuine dispute of material fact that any violation of the FLSA for unpaid overtime occurred. *See* Order [30] at 5 (citing Compl. [1-1] at 1). 29 U.S.C. § 207(a) requires an employer whose employee works longer than forty hours in any workweek to pay the employee "compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). Plaintiff's overtime claim is premised upon an unpaid 30-minute lunch period each working day for which he believes he should have been paid, and which would have placed him over

the 40-hour workweek each week, triggering compensation for that additional time at the overtime rate. *See* Compl. [1-1] at 1. Relevant to that question is whether Plaintiff's daily 30-minute meal breaks were bona fide meal periods for which an employee need not be paid. *See* Order [30] at 5-6 (citing *Dean v. Akal Sec., Inc.*, 3 F.4th 137, 141 (5th Cir. 2021); 28 C.F.R. § 785.19).

Even taking Plaintiff's new Response into account, for the same reasons the Court stated in its earlier Order [30] and after considering the relevant factors, the undisputed evidence still shows that the vast majority of his meal breaks qualified as bona fide meal periods that did not constitute worktime under the FLSA. *See id.* at 6-8. The question that Plaintiff now raises is whether 16 specific meal breaks spanning from January 15, 2024, to November 11, 2024, were interrupted by work tasks and thus not properly compensated under the FLSA. *See* Ex. [35-1]. Based upon this new evidence presented by Plaintiff, the Court questions whether there is a genuine dispute of material fact as to whether he was properly compensated for those 16 meal breaks. This issue has not adequately been briefed.

For example, according to Plaintiff, his logged meal break on January 15, 2024, was from 3:41 a.m. to 4:11 a.m., but he was required to do a "[s]lot drop" at 4:00 a.m., 19 minutes into his meal break. *See* Ex. [35-1] at 3. That date fell within the January 5, 2024, to January 18, 2024, pay period, for which Plaintiff was paid on January 26, 2024. *See* Ex. [27-8] at 2. During that pay period, the record reflects Plaintiff worked as follows:

| Shift Start Date | Hours at Work[1] | Meal break | Break interrupted? | Hours Potentially to be Paid |
|---|---|---|---|---|
| 1/10/2024 | 4.25 | None | N/A | 4.25 |
| 1/11/2024 | 8.45 | 3:50 a.m. | No | 7.95 |
| 1/12/2024 | 8.483 | 3:42 a.m. | No | 7.983 |
| 1/13/2024 | 8.55 | 4:23 a.m. | No | 8.05 |
| 1/14/2024 | 8.467 | 3:41 a.m. | Yes, at 4:00 a.m. on 1/15/2024 | 8.467 |
| 1/17/2024 | 8.5 | 3:50 a.m. | No | 8.0 |
| 1/18/2024 | 8.5 | 1:57 a.m. | No | 8.0 |
| **TOTALS** | **55.2** | | | **52.7** |

*See* Ex. [27-6] at 2, 8.

It is not clear from the present record how Defendant computed its paid hours with the overnight shift, or what days constituted part of Plaintiff's workweek under 29 U.S.C. § 207(a). For the sake of resolving the current Motions [32], [37], the Court considers all time worked on a shift as being worked on the day the shift started.

As can be seen in the foregoing chart, if Plaintiff was not paid for each 30-minute bona fide meal break per day in this pay period, except the 30-minute period that was interrupted on the morning of January 15, 2024, he would have been due

[1] Calculated by the Court based on the listed start and end times. *See* Ex. [27-6].

pay for approximately 52.7 hours that pay period. But it appears from his pay records that he was paid for only 52.25 hours during that pay period. *See* Ex. [27-8] at 2. Defendant has not adequately addressed whether Plaintiff was properly compensated for the interrupted meal break on January 15, 2024, and the other specific meal breaks he has now identified. *See id.*; Ex. [27-6]; Ex. [27-4]; Ex. [35-1].

In light of the evidence demonstrating that Plaintiff did not receive Defendant's Motion for Summary Judgment and the newly discovered evidence that was previously unavailable concerning his meal breaks, the Court finds that it should reconsider and set aside its judgment under Rule 59(e). *See Demahy*, 702 F.3d at 182. Alternatively, Plaintiff's Motion [32] was filed within a reasonable time, and the facts and circumstances here are sufficient to justify relief under Rule 60(b)(6). *See* Fed. R. Civ. P. 60(b)(1); *Liljeberg*, 486 U.S. at 863-64. The Court will set aside its prior Order [30] and Final Judgment [31], direct the Clerk to reopen the case and reinstate Defendant's Motion [27] for Summary Judgment as a pending motion on the docket, and deem Plaintiff's Response [35] timely filed. Because the Response [35] is considered timely, Defendant's Motion [37] to Strike it will be denied. Defendant shall have seven days after the docketing of this Order to file a Rebuttal in support of its Motion [27] for Summary Judgment. *See* L.U. Civ. R. 7(b)(4).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Carlton Sorrells' Motion [32] to Set Aside is **GRANTED**, and Defendant's Motion [37] to Strike is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court is directed to **REOPEN** this case and to **REINSTATE** Defendant's Motion [27] for Summary Judgment as a pending motion on the docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Carlton Sorrells' Response [35] to Defendant's Motion [27] for Summary Judgment is deemed timely, and any Rebuttal in support of the Motion [27] for Summary Judgment is due within **seven (7) calendar days** of entry of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case will not be reset on a trial calendar until after Defendant's Motion [27] for Summary Judgment is resolved.

**SO ORDERED AND ADJUDGED**, this the 25th day of August, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE